## SCHEURMAN *v.* CITY OF COLUMBUS.

There is no law requiring the marshal of the City of Columbus to advertise the sale of property levied on for city taxes in the newspaper in which the sheriff's advertisements are published.

Argued October 19, — Decided November 25, 1898.

Petition for injunction.　Before Judge Butt.　Muscogee superior court.　June 7, 1898.

*C. J. Thornton*, for plaintiff.　*F. D. Peabody*, for defendant.

LEWIS, J.　The plaintiff in error by his petition sought to enjoin the City of Columbus and its marshal from a sale of his property levied upon by an execution for city taxes and advertised for sale.　The prayer for injunction was denied, and plaintiff excepted.　The only ground in the petition here insisted on by plaintiff's counsel why the injunction should have been granted was, that the advertisement did not appear in the paper in which the sheriff's sales were advertised, but in another newspaper published in the city.　The Political Code, § 732, provides that "The time, place, and manner of the sale of property, both real and personal, for taxes due to municipal corporations in this State, shall be the same as that provided by law for sheriff's sales for State and county taxes."　This provision in the code has been substantially and almost literally incorporated in the charter of the City of Columbus.　Acts of 1890–1, vol. 2, p. 512, sec. 22.　This court, in the case of *Bacon* v. *Mayor*, 86 *Ga.* 303 (12), in construing that section, has declared that the words, "time, place, and manner of sale," do not embrace the newspaper in which the sale is to be advertised, and consequently the law does not require that sales for municipal taxes shall be advertised in the same newspaper in which sheriff's sales are advertised.

*Judgment affirmed.　All the Justices concurring, except Lumpkin, P. J., and Little, J., absent.*